## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

ROBERT ADAMS,

     Plaintiff,

     v.

SYMETRA LIFE INSURANCE COMPANY,

     Defendant,

Case No. 19-MC-401-EFM-ADM

## MEMORANDUM AND ORDER

This matter comes before the court on Plaintiff's Motion to Compel The Agents Association's Compliance with a Subpoena Duces Tecum (ECF No. 1). Plaintiff Robert Luke Adams moves for an order compelling The Agents Association ("TAA") to produce documents responsive to a subpoena duces tecum that Mr. Adams served on TAA in a case filed by Mr. Adams in the District of Arizona. TAA did not respond to the motion to compel. For the reasons stated below, the motion is denied without prejudice to refiling in the District of Arizona.

The underlying case pending in the District of Arizona involves Mr. Adams' claim that Defendant Symetra Life Insurance Company ("Symetra") wrongfully terminated Mr. Adams' disability benefits. Mr. Adams states that Symetra sought to amend to allege that TAA is an "employee organization" as defined by 28 U.S.C. § 1002(4) and therefore Mr. Adam's policy was governed by the Employee Retirement Income Security Act of 1974 ("ERISA"). According to Mr. Adams, his enrollment with TAA qualified him to purchase the disability policy at issue, so he served two subpoenas on TAA requesting production of documents concerning the terms and administration of the insurance policy and TAA's role in acquiring and administering that policy.

According to Mr. Adams, he served the first subpoena duces tecum on TAA's Arizona office on February 22, 2019, and he served a second subpoena duces tecum on TAA at its corporate headquarters in Topeka, Kansas, on May 1, 2019. TAA produced a few documents in response to the first subpoena, but did not respond at all to the second subpoena or to follow-up correspondence. On December 13, 2019, Mr. Adams filed the present motion to compel in the District of Kansas.

FED. R. CIV. P. 45(d) provides that, on notice to the subpoenaed party, "the serving party may move the court for the district where compliance is required for an order compelling production or inspection." FED. R. CIV. P. 45(d)(2)(B)(i). The docket does not reflect that Mr. Adams provided TAA with notice of his motion. Because it is not apparent that Mr. Adams complied with this requirement of Rule 45(d)(2)(B)(i)—the section under which he brings this motion—the court will not grant the relief requested. The record also does not reflect that Mr. Adams served Symetra with a copy of his motion. *See In re Motion to Quash Subpoena to Bergan, Paulsen & Co.*, No. 11-MC-00072-JSS, 2011 WL 6826416, at *4 (N.D. Iowa Dec. 28, 2011) (concluding that parties to the underlying case must also receive notice of the motion because "[i]f a party is permitted to pursue compliance against a non-party without giving any notice to the opposing party, then the purpose and intent of Rule 5 would be frustrated"). The motion is not accompanied by a certificate of service. *See* D. KAN. RULE 5.4.9 (requiring that all electronically filed documents contain a certificate of service). And, in the month since the motion was filed, Mr. Adams did not correct these defects by filing anything to establish that he provided notice to TAA or to Symetra.

Mr. Adams also did not file the motion in "the district where compliance is required," as required by FED. R. CIV. P. 45(d)(2)(B)(i); *see also* FED. R. CIV. P. 37(a)(2) (providing that a motion

to compel "a nonparty must be made in the court where the discovery is or will be taken"). Although case law addressing this issue is mixed, most courts have concluded that the district where compliance is required is determined by the location or place of compliance identified on the subpoena. *See, e.g., CSS, Inc. v. Herrington*, 354 F. Supp. 3d 702, 709 (N.D. Tex. 2017) ("[F]or purposes of a Rule 45(d)(2) or 45(d)(3) motion, the court or district 'where compliance is required' is determined by the location or 'place' for compliance identified on the subpoena as required by Rule 45(a)(1)(A)(iii)."); *Tomelleri v. Zazzle, Inc.*, No. 13-CV-02576-EFM-TJJ, 2015 WL 400904, at *2 (D. Kan. Jan. 28, 2015) (finding the court lacked authority to determine motions to quash concerning subpoenas to produce documents in Los Angeles and New York City); *JMC Restaurant Holdings, LLC v. Pevida,* No. 14 CIV. 6157 WFK VMS, 2015 WL 2240492, at *3 (E.D.N.Y. May 12, 2015) (denying motion to compel where the subpoena commanded production of documents in Manhattan, without prejudice to renewing the motion in the Southern District of New York); *U.S. Risk Ins. Grp., Inc. v. U.S. Risk Mgmt., LLC*, No. 3:11-CV-2843-M-BN, 2014 WL 4055372, at *1 (N.D. Tex. Aug. 15, 2014) (stating the Northern District of Texas was the proper court to resolve the motion because the subpoena demanded production there, even though the subpoena was served in Louisiana).

Other courts have concluded that the place where compliance is required depends on where the subpoenaed entity resides or works. *See, e.g., Raap v. Brier & Thorn, Inc.*, No. 17-MC-3001, 2017 WL 2462823, at *3 (C.D. Ill. July 7, 2017) ("[T]he Court finds that the better approach is to tie the place of compliance to the location of the subpoenaed person or entity."); *Gilbert v. Rare Moon Media, LLC*, No. 15-MC-217-CM, 2016 WL 141635, at *2 (D. Kan. Jan. 12, 2016) ("The place of compliance for a deposition subpoena or subpoena for production of documents, however, must be within 100 miles of where the person resides, is employed, or regularly transacts business

or within the state where the person resides, is employed, or regularly transacts business in person."); *XTO Energy, Inc. v. ATD, LLC*, No. CIV 14-1021 JB/SCY, 2016 WL 1730171, at *20 ("[Rule 45(d)] provides that motions to quash or enforce a subpoena can be brought in the district where compliance is required—*i.e.,* the district in which the subpoena's recipient resides or works."); *Agincourt Gaming, LLC v. Zynga, Inc.*, No. 2:14-CV-0708-RFB-NJK, 2014 WL 4079555, at *4 (D. Nev. Aug. 15, 2014) (finding that "Rule 45 makes clear that the place of compliance is tethered to the location of the subpoenaed person," but addressing a situation where the individuals lived and were employed in the same district where the subpoena commanded production). These courts rely on Rule 45(c), which provides that a subpoena may command production "at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person." FED. R. CIV. P. 45(c)(2)(A).

But, as one judge noted, the problem with this approach is that a district court resolving a motion to quash a subpoena or to compel compliance must "first resolve a substantive geographical limits issue under Rules 45(c) simply to decide if it is the court with authority to decide" the motion—including a "motion to quash for violating Rule 45(c) [] in the first place." *CSS, Inc.*, 354 F. Supp. 3d at 709. Another problem arises when a subpoenaed entity does not appear. In those cases, "the court addressing the motion to compel will have no way of dependably making the fact-intensive determination whether the subpoena's stated place of compliance is within 100 miles of where the subpoenaed person resides, is employed, or regularly transacts business in person without hearing from the subpoenaed person." *Id.* at 710. "It is at the least impractical for a court to be required to formally decide if the nonparty or the subpoenaing party wins a Rule 45(c) issue on a Rule 45(d) motion in order to determine whether the court actually can decide which side prevails on the motion on that or any other issue." *Id.* Therefore, when the court must initially

determine where the motion must be filed, "the place named in the subpoena . . . is the place 'where compliance is required.'" *Id.* at 709-10.

In this case, Mr. Adams served TAA in Topeka, but the subpoena lists Mr. Adams' counsel's address in Sedona, Arizona as the place where TAA was to produce documents. (ECF No. 1-1, at 2.) Mr. Adams makes no argument as to why the District of Kansas is the place of compliance. For the reasons stated above, the undersigned shares the view of courts that have determined that the place of compliance is the location for production identified on the subpoena. Because the subpoena lists an Arizona address as the place of production, the District of Kansas is not the district where compliance is required. The court therefore denies the motion without prejudice to refiling in the District of Arizona.

The motion is also denied as untimely. This court's local rules require a motion to compel to be "filed and served within 30 days of the default or service of the response, answer, or objection that is the subject of the motion, unless the court extends the time for filing such motion for good cause." D. KAN. RULE 37.1(b). This includes motions to compel compliance with a subpoena, even subpoenas issued from other districts. *See, e.g., Gilbert*, 2016 WL 141635, at *3 (applying the rule to a motion to compel compliance with a subpoena issued from another district and determining that the movant had shown good cause for filing the motion beyond the 30-day period); *Black & Veatch Corp. v. Aspen Ins. (UK) Ltd*, No. 12-2350-SAC, 2014 WL 12595196, at *2 (D. Kan. Sept. 8, 2014) (applying the rule in a case pending in the District of Kansas and denying the motion as untimely).

Here, the subpoena sought production by May 17, 2019. Any motion to compel was therefore due by (1) Monday, June 17, 2019, or (2) another time period for good cause shown. A party may demonstrate good cause by showing it acted diligently in attempting to resolve the

discovery dispute.  *See Gilbert*, 2016 WL 141635, at *3 (noting, among other things, "the parties'

continued attempts to reach a resolution").  Mr. Adams did not file his motion until December 13,

2019, which was nearly six months after the 30-day deadline.  He provides no explanation why he

waited so long to file the motion.  He only briefly references a follow-up letter he sent on May 24,

2019, to no avail.  (ECF No. 1, at 4-5.)  Based on this record, the court is unable to find good cause

to warrant a six-month extension for filing the motion.[1]

      **IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel the Agents

Association's Compliance with a Subpoena Duces Tecum (ECF No. 1) is denied without prejudice

to refiling in the District of Arizona

      **IT IS SO ORDERED.**

      Dated January 28, 2020, at Topeka, Kansas.

s/ Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge

---

[1] The delay is even more perplexing because this is Mr. Adams' second subpoena to TAA.  He served the first subpoena at TAA's Arizona office on February 22, 2019.  He does not explain whether he moved to compel compliance with that subpoena in the District of Arizona, where the underlying case is pending.  Moreover, Mr. Adams' motion suggests that the documents sought by the TAA subpoena are relevant to whether his insurance policy is governed by ERISA (among other issues).  (ECF No. 1, at 3.)  But Symetra raised the ERISA issue in its motion for leave to file an amended answer, which it filed on September 12, 2018.